PHILIP A. LEWIS
Attorney at Law
111 SW Fifth Avenue
Suite 1650
Portland, OR 97204
(503) 226-3498
E-mail: phil@phillewis.com

      Attorney for Defendant


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 10-55 MO |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S SENTENCING |
| v. | ) | MEMORANDUM |
| JOSE ISMAEL TORRES-ROJAS, | ) | |
| Defendant. | ) | |

      Defendant is before the court for sentencing after having pleaded guilty to delivery of more than 100 grams of a mixture or substance containing heroin, which carries a mandatory minimum sentence of five years. The minimum sentence notwithstanding, defendant expects the government to advocate for the application of the "safety valve," 18 USC §3553(f) and USSG § 5C1.2, along with other downward departures and adjustments, and for a sentence of 21 months.

      Defendant has no criminal history.

////

////

1 - DEFENDANT'S SENTENCING MEMORANDUM

By the terms of the plea agreement, defendant is free to request a lower sentence and without limitation.[1]

By the terms of the plea agreement, the government will be seeking a sentence of 21 months, the low end of defendant's sentencing guideline range, applying the sentencing guidelines as follows:

```
26 Base offense level based on agreed relevant conduct
-3 Acceptance of responsibility, § USSG 3E1.1
-2 Safety valve, 18 USC §3553(f) and USSG § 5C1.2
-1 18 USC 3553
-4 USSG § 5K1.1
Net offense level: 16
```

For the reasons which follow, defendant is asking that the court impose a sentence of time served.

Defendant, a native of Mexico, recently turned 19. From his appearance and demeanor, one can see that he is a young 19. He is close to his family, and in particular his mother, grandparents, and siblings, all of whom live in Mexico. Defendant grew up working at his family's bakery since he was 10 and perhaps even younger. At age 17, defendant quit school to move to the United States to live with his step-father[2] and maternal uncle, the two leading codefendants in this case.

---

[1]Subsequent to the entry of defendant's plea it was discovered that an earlier version of the plea agreement was attached to the plea petition. By agreement with the government, the final and correct version of the plea agreement is attached hereto. The difference between the two is found in paragraph 10.

[2]Defendant's biological father was killed before defendant was born.

2 - DEFENDANT'S SENTENCING MEMORANDUM

Without question, defendant regrets both quitting school and moving north. He would not have done so had he understood what he was leaving and had he known his step-father and uncle were selling heroin.

When defendant arrived in Oregon, he was completely dependent on his step-father, the only father he had ever known, and his uncle. He spoke little English, he had no money, and he was away from home for the first time.

Rather than meet their responsibilities, defendant's step-father and uncle brought defendant into their drug dealing activities, and with their profits gave him a lifestyle that afforded him relative affluence and more independence than he had ever experienced. In exchange, all defendant had to do was run the occasional errand, including, as demonstrated in this case, delivering heroin to a buyer.

For defendant, being arrested, locked up in a foreign land, separated from his family, and afforded very limited communication with his mother, has been an educational experience. But, rather than feel sorry for himself, defendant has taken this as a much needed wake up call. He has come to appreciate what in life is truly important, that he needed to get and stay clean and sober, and that he needs to give his life meaningful direction. A letter from defendant will soon be forwarded to the court concerning his thoughts on what his arrest and incarceration for almost a year has done for him.

In addition to the circumstances leading to his involvement in criminal activity, there is also the matter of defendant's mitigating role. There is no question but that his role was significantly less than that of the enterprise's leaders, his step-father and uncle. He was little more than a runner of errands. Moreover, while certainly not under duress, given his relationship to and dependence on the leaders, and the authority that they had over him, his choice in the matter was less than others who might have played a similar role. Those factors further justify a sentence of time served under an application of 18 USC § 3553(a).

Defendant's role also supports a downward adjustment under USSG § 3B1.2. Application Note 3 to § 3B1.3 provides that such a downward adjustment can apply in a situation such as that presented here where the offender's role was less than that of the average participant, and where that role was limited to transporting the drugs. Defendant's role was limited to picking up and delivering drugs, and this role was further mitigated by the fact that it was done at the direction of people who had familial authority over him and on whom he was almost completely dependent.

Sentencing guidelines, are, of course, now merely advisory in nature. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), and the sentencing range

called for by the guidelines is merely one of the factors the sentencing court must consider when imposing a sentence. 18 USC § 3553(a)(4). In addition, 18 USC § 3553(a) provides that the court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set out further in the statute, taking into account the nature of the offense and the circumstances of the offender.

This case is unusual in many respects. First, there is of course the tragic deaths of young men caused by the actions of the two leading codefendants. Those two codefendants deserve and will be receiving substantial sentences for their actions. And, there is the harm that they caused defendant, a person whose care and guidance should have been of some concern to them. Luckily, things could have been much worse: a woman in Mexico could have been losing not only her husband and brother but also her adolescent son. Also as luck would have it, defendant has within him the wherewithal to find a way to learn from this experience, and to put that education to use for the benefit of others.

Upon being released from custody after serving his sentence, defendant will be sent back to Mexico. A just sentence in this case would be one that results in him returning to his mother and the rest of his family as soon as possible. Defendant has been in custody since March 3, 2010, an especially long time in light of his relative youth. Given his youth and

5 – DEFENDANT'S SENTENCING MEMORANDUM

all of the circumstances of his offense, a sentence of time served would be sufficient to meet the goals of sentencing, especially when one takes into account the time he would likely remain in custody pending deportation.  While unusual in a case of this magnitude, a sentence of time served would be the right sentence for this defendant.

DATED this 23rd day of November, 2010.

Respectfully submitted,

*/s/ Philip A. Lewis*
PHILIP A. LEWIS, OSB #78284
Attorney for Defendant



**U.S. Department of Justice**
*United States Attorney*
*District of Oregon*
*1000 S.W. Third Avenue, Suite 600*          *Office: (503)727-1000*
*Portland, OR  97204-2902*                         *Fax: (503) 727-1105*

August 10, 2010

Mr. Philip A Lewis
111 SW 5th Avenue, Suite 1650
Portland, Oregon 97204

       Re:    <u>United States v. Jose Ismael Rojas Torres</u> CR10- 55-03 MO
              Plea Agreement

Dear Counsel:

1.      **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.   This agreement does not apply to any other charges other than those specifically mentioned herein.

2.      **Charge**:  Defendant agrees to plead guilty to Count 3 of the Indictment which alleges the Distribution of Heroin in violation of  Title 21, U.S.C., Sections 841(a)(1), (b)(1)(B).

3.      **Penalties**: As charged, Count 3 carries a mandatory minimum sentence of five years, a maximum sentence of 40 years imprisonment, a fine of up to $2,000,000, at least four years but not more than five years of supervised release, and a $100 fee assessment.  Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea, or explain to the court why it cannot be done.

4.      **Dismissal/No Prosecution**:  The USAO will move to dismiss at sentencing any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this drug investigation, known to the USAO at the time of this agreement.

5.      **Sentencing Factors**: The parties agree that pursuant to <u>United States v. Booker/Fanfan</u>, 543 U.S. 371, 125 S.Ct. 738 (2005), the court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines (U.S.S.G.).   The court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. § 3553(a).  The parties' agreement herein to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy the applicable burden of proof.

7.      **Relevant Conduct**/ **Sentencing Range**:  The parties stipulate that defendant's relevant conduct pursuant to USSG §§1B1.3 and 2D1.1(a)(1)(c)(7) is at least one-hundred (100) grams of heroin for a Base Offense Level of 26, prior to adjustments.

8      **Acceptance**: Defendant must demonstrate to the court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so,

Mr. Philip A. Lewis
Re: Jose Ismael Rojas Torres
Page 2

the USAO will recommend a three level reduction in defendant's offense level.  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9**.**    **"Safety Valve" Adjustment**:  In the event the defendant meets the criteria of 18 U.S.C. § 3553(f)and U.S.S.G. § 5C1.2 for "safety valve" relief from a mandatory minimum sentence, the parties will request he receive a two (2) level reduction in offense level pursuant to U.S.S.G. § 2D1.1(b)(6).

10.    **Reasonable Sentence**:  The government agrees to recommend the court impose a sentence of 21 months imprisonment which is the low-end of the range specified in offense level 16, at Criminal History Category I. The defendant is free to request a lesser sentence. The parties anticipate that Level 16 will be the advisory range after a three (3) level adjustment downward for acceptance, a one-level adjustment downward pursuant to 18 U.S.C. 3553, a two (2) level adjustment downward for safety valve and a further reduction based on the levels to be requested by the government at sentencing in its motion under U.S.S.G. §5K1.1.

11.    **Forfeiture Terms**:

    A.    **Assets and Authority**:  By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853.

    B.    **Agreement to Civil Forfeiture**:  Defendant agrees not to file a claim or withdraw any claim already filed  to any of the listed property in any civil proceeding, administrative or judicial, which [has been or may be] initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving this property, and agrees not to assist others in filing a claim in any forfeiture proceeding.

    C.    **No Alteration or Satisfaction**:  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

    D.    **Title Assistance**:  Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

Mr. Philip A. Lewis
Re: Jose Ismael Rojas Torres
Page 3

12.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, unless:  (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds 21 months in prison. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

13.     **Court Not Bound**:  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the court does not follow the agreements or recommendations herein.

14.     **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.     **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16.     **Total Agreement**:  This letter states the full extent of the agreement between the parties. There are no other promises or agreements, express or implied.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

DWIGHT C. HOLTON
United States Attorney


KATHLEEN L. BICKERS
Assistant U.S. Attorney

LEAH K. BOLSTAD
Assistant U.S. Attorney

Mr. Philip A. Lewis
Re: Jose Ismael Rojas Torres
Page 4


     I have read this agreement carefully and reviewed every part of it with my attorney and an interpreter.  I understand the agreement and voluntarily agree to it.  I am satisfied with the legal assistance provided to me by my attorney.

_____                    _____
Date                                              Defendant


     I represent defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge defendant's decision to enter into this agreement is an informed and voluntary one.

_____                    _____
Date                                              Attorney for Defendant