**DWIGHT C. HOLTON, OSB#09054**
United States Attorney
District of Oregon
**KATHLEEN L. BICKERS OSB #851516**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
kathleen.bickers@usdoj.gov

      Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | No. CR 10-55-04-MO |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JOSE ISMAEL TORRES-ROJAS,** | DATE:    November 29, 2010 |
| Defendant. | TIME:    11:30 a.m. |

      The United States of America, by United States Attorney Dwight C. Holton, United States Attorney for the District of Oregon, through Kathleen L. Bickers, Assistant United States Attorney for the District of Oregon, submits this memorandum for the court's consideration pursuant to the defendant's plea of guilty to Count 3, Distribution of Heroin.

## REASONABLE SENTENCE

      The government concurs with the facts set forth in the presentence report (PSR) including its assessment that the defendant's criminal history places him in Category I.  The

parties stipulate that defendant's relevant conduct pursuant to USSG §§1B1.3 and 2D1.1(a)(1)(c)(7) is at least one-hundred (100) grams of heroin for a Base Offense Level of 26, prior to adjustments.

The government recommends the court impose a sentence of 21 months imprisonment which is the low-end of the range specified in offense level 16, at Criminal History Category I. The defendant is free to request a lesser sentence. The parties anticipate that Level 16 will be the advisory range after a three (3) level adjustment downward for acceptance, a one-level adjustment downward pursuant to 18 U.S.C. 3553, a two (2) level adjustment downward for safety valve and a further reduction based on the levels to be requested by the government at sentencing in a separate motion.

The pre-sentence report concurs with defense counsel's position that the defendant should receive a two-level minor role reduction in the guidelines analysis. The government does not agree that the defendant's conduct, which was instrumental in the delivery of a large quantity of heroin, qualifies for a minor role reduction. However, the government does agree that the defendant had barely reached the age of majority when the two male authority figures in his own family recruited him into this crime. The defendants' uncles Jose Luis Torres Rojas and his stepfather Jose I. Hernandez Flores played a far greater role in this heron trafficking scheme than did the defendant. Upon his arrest, the defendant was immediately remorseful for his conduct. These are facts that make this case particularly difficult case to assess in terms of what will be a significant enough punishment to dissuade this young man and others like him from engaging in this conduct and yet not be overly severe given all of the relevant circumstances.

Finally, the defendant and the government agree that the defendant's sentence should include the forfeiture of assets seized in this case as previously ordered in the Preliminary Order of Forfeiture entered at the plea hearing.

Dated this 24th day of November 2010.

Respectfully submitted,

DWIGHT C. HOLTON
United States Attorney
District of Oregon


  /s/ *Kathleen L. Bickers*
KATHLEEN L. BICKERS
Assistant United States Attorney